UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NELSON ARIAS,

       Petitioner,

v.                                                    Case No. 3:26-cv-405-MMH-LLL

SECRETARY KRISTI NOEM, et al.,

       Respondents.

_____

## <u>ORDER</u>

### I. Status

Petitioner Nelson Arias, an immigration detainee, initiated this action through counsel by filing a Petition for a Writ of Habeas Corpus (Doc. 1) on February 25, 2026. He is proceeding on an Amended Petition for a Writ of Habeas Corpus (Doc. 5; Amended Petition). Arias, a citizen of Cuba, entered the United States on February 25, 2000. <u>Id.</u> at 3. On October 3, 2007, Arias was convicted in state court of lewd and lascivious conduct and sentenced to a four-year period of sex offender probation. <u>Id.</u> On October 24, 2007, an immigration judge ordered Arias removed to Cuba; Arias did not pursue an appeal. <u>Id.</u> at 4. Approximately 90 days later, United States Immigration and Customs Enforcement (ICE) released Arias on an Order of Supervision

(OSUP). Id. On September 18, 2025, Arias appeared for an OSUP appointment and was detained. Id. at 5.

The Federal Respondents filed a Response to Amended Petition for Writ of Habeas Corpus (Doc. 13; Response). Arias filed a counseled Reply (Doc. 17; Reply). This case is ripe for review.

## II. Analysis

In his Amended Petition, Arias argues that he is entitled to release under Zadvydas v. Davis, 533 U.S. 678 (2001), because he has been detained beyond the presumptively reasonable removal period and there is no significant likelihood of removal in the reasonably foreseeable future. Amended Petition at 13. Following an order of removal, immigration detention is governed by 8 U.S.C. § 1231. See Johnson v. Guzman Chavez, 594 U.S. 523, 543–44 (2021) ("And § 1231 explains what to do if the alien is ordered removed."); see also Deshati v. Noem, No. 25-cv-15940-ESK, 2025 WL 3204227, at *2 (D.N.J. Nov. 17, 2025)[1] ("The statute governing post-final order of removal immigration detention is 8 U.S.C. § 1231."). Pursuant to 8 U.S.C. § 1231(a)(1)(A), "when an alien is ordered removed, the Attorney General shall remove the alien from the

---

[1] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

United States within a period of 90 days." Detention during the removal period is mandatory. 8 U.S.C. § 1231(a)(2).

Nevertheless, in Zadvydas, 533 U.S. at 690, the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time. Id. at 701. The government may detain an alien beyond the statutory removal period if he is, among other things, a criminal alien or the Attorney General has determined the alien is a risk to the community or unlikely to comply with the order of removal. 8 U.S.C. § 1231(a)(6). The Supreme Court in Zadvydas held that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,'" the burden then shifts to the Government to provide evidence sufficient to rebut that showing. Id. at 1052 (quoting Zadvydas, 533 U.S. at 701). Thus, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six

months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. If an alien makes these showings, then the burden shifts to the government to rebut the presumption with sufficient evidence establishing that there is a significant likelihood of removal in the reasonably foreseeable future. Zadvydas, 533 U.S. at 701.

Here, the Federal Respondents submitted a contradictory Response in which counsel represents Arias has been in custody for more than 180 days, but ICE seemingly contends that Arias had been in custody for less than 180 days when he filed this case. See Response at 3–4. When Arias filed the Petition, he had been in custody for 160 days. The Court directed Arias to supplement his Petition with a proper verification (Doc. 4), and he did so by filing the Amended Petition. At the time he filed the Amended Petition, he had been detained for 183 days. Considering Arias had been detained for more than 180 days at the time he filed the Amended Petition, he has now been in custody for nearly ten months, and the Federal Respondents have not sought to file an amended response to clarify their position, the Court proceeds with Zadvydas's burden-shifting analysis.

Arias has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable

future. Indeed, Arias has now been detained for nearly ten months, but ICE has yet to remove him. Thus, the burden shifts to the Federal Respondents.

The Court finds that the Federal Respondents have not submitted evidence sufficient to rebut Arias's showing that there is no significant likelihood of removal in the reasonably foreseeable future. Indeed, counsel for the Federal Respondents asserts that he "has no information as to SLRRFF [(significant likelihood of removal in the reasonably foreseeable future)]." Response at 4. And the Court's independent review of the documents attached to the Response do not reveal evidence of a significant likelihood of removal in the reasonably foreseeable future. Therefore, Arias is entitled to release from detention under Zadvydas.

Accordingly, it is **ORDERED**:

1.     Arias's Amended Petition for a Writ of Habeas Corpus (Doc. 5) is **GRANTED**. Respondents shall release Arias **within 24 hours** of this Order, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected. Arias shall be subject to his preexisting OSUP.

2.      The **Clerk** is directed to terminate any motions, enter judgment granting the Amended Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of July, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 7/16
c:      Counsel of record